IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Tyrone Edward James, #HC11021611321, | ) ) ) | C/A No.: 1:19-152-JMC-SVH |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER AND NOTICE |
| J. Reuben Long Detention Center, | ) ) ) | |
| Defendant. | ) ) | |

Tyrone Edward James ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against J. Reuben Long Detention Center ("JRLDC") alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff alleges he was not provided adequate medical care because (a) his respiratory machine and inhaler were confiscated and his respiratory machine was improperly stored, (b) his prescription glasses were misplaced, (c) he was not provided a second blanket, and (d) he was provided inadequate medication. [ECF No. 1 at 10-14]. Plaintiff also complains he was subjected to excessive force when officers verbally harassed him, threw him into a wall, and

applied his handcuffs so tight his circulation was restricted. *Id.* at 16–17. Finally, Plaintiff alleges the following regarding his conditions of confinement: (a) he was denied the opportunity to take a shower, (b) officers failed to respond to his grievances, (c) he was not given recreation, (d) he was unjustifiably placed in lock down, (e) he was denied a Bible, (f) his mail was delayed and illegally opened, (g) he was not provided with adequate hygiene supplies, (h) there was not a designated physical sports area or exercise equipment, and (i) the temperature in the housing units are too low. *Id.* at 15–16, 18, 20–21, 23. Plaintiff alleges he had cuts and bruises, joint pain, migraines, anxiety, and PTSD attacks. *Id.* at 25. Plaintiff seeks monetary damages. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C.

§ 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Plaintiff names JRLDC as the sole defendant. However, JRLDC is not a person amenable to suit under § 1983, but a collection of

3

buildings, facilities, and grounds that do not act under color of state law. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978); *Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Accordingly, Plaintiff's complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by February 1, 2019, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the court will recommend to the district court that the claims be dismissed.

IT IS SO ORDERED.

January 18, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge