IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Tyrone Edward James, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:19-cv-00152-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| J. Reuben Long Detention Center; | ) | |
| Officer Jordan; Officer Piocci; | ) | |
| Officer Naroquin; Officer Rarco; | ) | |
| Officer Smalls; Officer Anderson; | ) | |
| Officer Hemberger; Officer Brown; | ) | |
| Officer Hurley; Officer Jones; | ) | |
| Officer Cromp; Officer Eden; | ) | |
| Officer Smith; Officer Heliet; | ) | |
| Officer Moultrie; Officer Atwood; | ) | |
| Officer Albane; Officer Castellano; | ) | |
| Officer Bauer; Officer Austin; | ) | |
| Officer Gauze; Officer Kennedy; | ) | |
| Officer Jennie; and Officer Michael, | ) | |
| *in their official capacities*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on February 27, 2019 (ECF No. 21). The Report addresses Plaintiff Tyrone Edward James' Amended Complaint (ECF No. 11), which alleges violations of his constitutional rights by the J. Reuben Long Detention Center ("JRLDC") and Officers Jordan, Piocci, Naroquin, Rarco, Smalls, Anderson, Hemberger, Brown, Hurley, Jones, Cromp, Eden, Smith, Heliet, Moultrie, Atwood, Albane, Castellano, Bauer, Austin, Gauze, Kennedy, Jennie, and Michael. (ECF No. 21.) The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** Plaintiff's Amended Complaint (ECF No. 11) *without prejudice*, and without issuance and service of process, as to

1

JRLDC and Officers Hurley, Jones, Cromp, Eden, Heliet, Albane, Bauer, Gauze, Jennie, and Michael.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 21 at 1–6.) As brief background, on February 4, 2019, Plaintiff, proceeding pro se, filed his Amended Complaint (ECF No. 11) in response to the Magistrate Judge's January 18, 2019 Order to file an amended complaint or correct deficiencies within the original Complaint (ECF No. 8). On February 5, 2019, Plaintiff was given until February 26, 2019, to bring his case into proper form. (ECF No. 15.) Plaintiff filed the necessary documents to bring the case into proper form on February 25, 2019. (ECF No. 17.) Service of process was then authorized and issued against Officers Jordan, Piocci, Naroquin, Rarco, Smalls, Anderson, Hemberger, Brown, Smith, Moultrie, Atwood, Castellano, Austin, and Kennedy on February 27, 2019, but not the remaining officers. (ECF No. 20.)

Thereafter, on February 27, 2019, the Magistrate Judge entered her Report. (ECF No. 21.) The Report recommends dismissing Plaintiff's Amended Complaint (ECF No. 11), without prejudice, as to JRLDC and Officers Hurley, Jones, Cromp, Eden, Heliet, Albane, Bauer, Gauze, Jennie, and Michael. (*Id.* at 1.) The Magistrate Judge recommends dismissing the aforementioned parties for the following two (2) reasons. (*See id.* at 3–5.) First, considering Plaintiff's claims against JRLDC, the Magistrate Judge reasoned that:

> JRLDC is not a person amendable to suit under § 1983, but a collection of buildings, facilities, and grounds that do not act under color of state law. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, [691–94] (1978); *Nelson v. Lexington [Cty.] Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that

---

[1] A separately docketed order (ECF No. 20) directs service of Plaintiff's claims against the remaining defendants.

the plaintiff had failed to establish that the Lexington County Detention Center, "as a building and not a person, is amendable to suit under § 1983.").

(*Id.* at 4–5.) Second, turning to Plaintiff's short and plain statement of the claim showing that he is entitled to relief, the Magistrate Judge concluded, under Federal Rule of Civil Procedure 8(a)(2), that "Plaintiff's [Amended] [C]omplaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to Officers Hurley, Jones, Cromp, Eden, Heliet, Albane, Bauer, Gauze, Jennie, and Michael." (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

On February 27, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file specific, written objections by March 13, 2019. (ECF No. 21 at 7.) Neither of the parties filed any objections to the Report by this date. In the absence of specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record

3

in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough and careful review of the record, the court finds that the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** Plaintiff's Amended Complaint (ECF No. 11) *without prejudice*, and without issuance and service of process, as to JRLDC and officers Hurley, Jones, Cromp, Eden, Heliet, Albane, Bauer, Gauze, Jennie, and Michael.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 12, 2019
Columbia, South Carolina